GERTRUDE IULI CHUN, Petitioner

v.

JEFFEREY FOOK HING CHUN, Respondent

High Court of American Samoa
Trial Division

DR. NO. 28-86

June 6, 1986

Before REES, Chief Justice, AFUOLA, Associate
Judge, and VAIVAO, Associate Judge.

Counsel: For the Plaintiff, Michael Lash

Plaintiff seeks a divorce on the ground of
"habitual cruelty or ill usage." The cruelty or
ill usage she alleges is that her husband refuses
to participate fully in the activities of her aiga.

The plaintiff, a native of American Samoa, and
the defendant, a native of Hawaii, were married in
Honolulu in 1970 and subsequently moved to American
Samoa. Plaintiff testified that her husband is
a loving father and a good provider, and that he
does not object to spending her earnings or his on
gifts to her mother and other immediate relatives.
He refuses, however, to spend money on gifts to
members of the aiga who are not close relatives or
on contributions to events that do not involve
close relatives. Her repeated efforts to convince
him that such gifts and contributions are a

23

customary family obligation, and that his refusal constitutes a continuing source of embarrassment to her, have been unavailing. She is willing to allow him to have custody of the four children and ownership of the family house, and he has waived his right to contest her petition for divorce.

If the laws of American Samoa provided for divorce on the ground of "irreconcilable differences," this would seem to be a case for it. A.S.C.A. § 42.0202, however, provides no such ground for divorce. The disagreement between the parties over the extent to which they should participate in their Samoan family activities, although it has emerged recently in what has otherwise been and remains a happy marriage, is a very real one. But it does not constitute cruelty or ill usage --- terms usually reserved for such things as physical violence, threats, and gratuitous harassment --- on the part of the husband or the wife.

The husband's agreement not to contest the divorce cannot relieve the court of its obligation to "examine all parties and witnesses, and ... take all evidence," and to dismiss the petition if the petitioner has failed to prove the charge alleged in the petition. A.S.C.A. § 42.0205-06.

Finally, A.S.C.A. 42.0207 provides that "condonation may be presumed in all matrimonial actions and proceedings by the voluntary cohabitation of the parties with the knowledge of the offense charged." Plaintiff testified that she continue to live with the defendant, and that they live together as man and wife. The law presumes that if someone has forgiven his or her spouse sufficiently to resume intimate relations, the forgiveness is also sufficient to obviate the need for a divorce. The presumption can be rebutted, but was not rebutted in this case.

The evidence shows that the Chuns are a happily married couple with a significant disagreement between them. If they cannot work this disagreement out they are free to separate, and eventually to divorce on the ground of having lived apart for five years. A.S.C.A. § 42.0202(5). But the laws of American Samoa --- apparently in the hope that disagreements can be worked out and marriages preserved wherever possible --- do not provide for divorce in a case such as this.

Petition dismissed.